UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CEDRIC CHEELEY, §<br>§<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>JESSE RODRIGUEZ, et al., §<br>§<br>*Defendants*. § | Civil Action No. 3:24-CV-0862-X |

## **MEMORANDUM OPINION AND ORDER**

Cedric Cheeley filed suit against the City of Dallas and five individual police officers in this Court. Having considered the parties' arguments and the applicable law, the Court **GRANTS** Defendants Sgt. JonMatthew Martinez, Sgt. Jesse Rodriguez, Adnan Shah, and Randy Rhoden's motion for summary judgment (Doc. 47) and separately enters judgment in favor of the Defendants.

### I. Background

This case arises from Cheeley's arrest by Sgt. Martinez in the early morning hours of April 11, 2025. Sgt. Martinez had arrived at the scene in response to an active shooter call. Shortly thereafter, Cheeley approached Sgt. Martinez's vehicle and initiated a conversation with him. That interaction resulted in Cheeley's arrest for public intoxication.

After Cheeley was arrested, he informed the officers he had pins in his hips from surgery and could not get in the back of the squad car with his hands cuffed behind his back. He requested a van with more room, but the officers handcuffed him

1

and moved him toward the car. Cheeley refused to enter, stating that his hips did not "work like that," and Sgt. Martinez, along with Officer Shah and Senior Corporal Rhoden, pulled Cheeley into the back seat of the car.

Once inside the vehicle, Cheeley placed his feet out of the open window and resisted Officer Shah's efforts to put them back in. Sgt. Martinez ordered Cheeley to move his feet back into the vehicle fifty-three times—Cheeley refused. After continually refusing to comply, Sgt. Martinez began striking Cheeley's feet with his baton, ultimately striking him 133 times. Officer Shah, Sgt. Rodriguez, and Senior Corporal Rhoden all witnessed the conduct but did not intervene. As a result of this incident, Cheeley suffered nerve damage in his feet.

Following the incident, the Internal Affairs Division investigated the arrest and found that Sgt. Martinez violated Dallas Police Department policy.

Cheeley subsequently filed this suit against the individual officers and the City of Dallas, claiming that Sgt. Martinez's baton strikes constituted unconstitutional excessive force and that Officer Shah, Sgt. Rodriguez, and Senior Corporal Rhoden's inaction gave rise to failure to intervene/bystander liability.[1]

## II.    Legal Standard

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

---

[1] Cheeley also brought an unlawful arrest claim against Sgt. Martinez but withdrew it at this stage of litigation. *See* Doc. 7 at 4 n. 1.

law."[2]  "A fact is material if it 'might affect the outcome of the suit'" and "[a] factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[3]  Courts "resolve factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[4]

When a defendant raises qualified immunity as a defense, the analysis changes and the burden shifts to the plaintiff to show (1) the violation of a constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident.[5]  "Therefore, unless existing precedent squarely governs the conduct at issue, an official will be entitled to qualified immunity."[6]  The plaintiff must "identify a case in which an officer acting under similar circumstances was held to have violated the Constitution."[7]  "The burden here is heavy" as a "right is clearly established only if preexisting precedent has placed the constitutional question beyond debate."[8]

---

[2] FED. R. CIV. P. 56(a).

[3] *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[4] *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (cleaned up).

[5] *See Connelly v. Tex. Dep't of Crim. Just.*, 484 F.3d 343, 346 (5th Cir. 2007).

[6] *Cope v. Cogdill*, 3 F.4th 198, 205 (5th Cir. 2021) (citing *Brosseau v. Haugen*, 543 U.S. 194, 201 (2004) (per curiam)).

[7] *Id.* (quoting *Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 345 (5th Cir. 2020)).

[8] *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1165 (5th Cir. 2021) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

3

### III.  Analysis

Cheeley contends that Sgt. Martinez's baton strikes clearly violated the Fourth Amendment and that Sgt. Rodriguez, Officer Shah, and Senior Corporal Rhoden's failure to stop him gives rise to failure to intervene/bystander liability claims.  The Court concludes that the Defendants are entitled to summary judgment as to both claims.

Cheeley has failed to identify a single case that governs the conduct at issue here.[9]  So assuming, without deciding, that Cheeley could show that Sgt. Martinez's strikes constituted unconstitutional excessive force, Sgt. Martinez is still entitled to qualified immunity as a matter of law.[10]

Cheeley argues that he has met that burden because it is clearly established that the use of force on a subdued arrestee is unquestionably unconstitutional, and this is an obvious case of excessive force.  But neither argument is persuasive.  Mere citation to cases that hold that using force on a subdued, compliant arrestee is unconstitutional is insufficient.[11]  Cheeley must "identify a case in which an officer acting under similar circumstances was held to have violated the Constitution."[12] That heavy burden is not met with citation to general principles.[13]

---

[9] *See Cope*, 3 F.4th at 205.

[10] *See Harmon*, 16 F.4th at 1165.

[11] *See* Doc. 54. (citing *Carroll v. Ellington*, 800 F.3d 154, 177 (5th Cir. 2015) and *Gomez v. Chandler*, 163 F.3d 921, 922, 924–25 (5th Cir. 1999) for the proposition that the use of force on arrestees that are handcuffed, subdued, and no longer actively resisting is unconstitutional).

[12] *Cope*, 3 F.4th at 205.

[13] *See Harmon*, 16 F. 4th at 1165.

Moreover, neither of Cheeley's cases involved an arrestee refusing to obey police commands to move his body back into a squad car for transport.[14]

To be sure, "it is not necessary that a previous case presenting identical facts exist in order for a right to be clearly established."[15] That said, the "unlawfulness of the challenged conduct must be beyond debate," especially when the plaintiff fails to point to any case law that squarely governs the undisputed facts.[16] That is a "rare" occurrence.[17] "It is so rare that the Supreme Court has *never* identified one in the context of excessive force."[18] And this case is not one of them. Accordingly, Sgt. Martinez is entitled to qualified immunity as a matter of law.

Because Cheeley has failed to establish that Sgt. Martinez violated a clearly established constitutional right, Sgt. Rodriguez, Officer Shah, and Senior Corporal Rhoden are entitled to qualified immunity on Cheeley's failure to intervene/bystander liability claims.[19]

---

[14] *Compare to Carroll*, 800 F.3d 177 (the arrestees was handcuffed, held down, and surrounded by law enforcement when officers began to deliver strikes to the arrestee) and *Gomez*, 163 F.3d at 922, 924–25 (restrained, complaint prisoner's face was slammed into the floor and was then punched and kicked in the face and head repeatedly by prison officers).

[15] *Aguirre v. City of San Antonio*, 995 F.3d 395, 415 (5th Cir. 2021).

[16] *Estate of Joseph v. Bartlett*, 981 F.3d 319, 330 (5th Cir. 2020).

[17] *Id*.

[18] *Harmon*, 16 F.4th at 1167 (cleaned up).

[19] *See Armstrong v. Ashley*, 60 F. 4th 262, 280 (5th Cir. 2023) ("A failure to intervene claim against a police officer requires that the officer (1) knows that a fellow officer is violating an individual's constitutional rights; (2) is present at the scene of the constitutional violation; (3) has a reasonable opportunity to prevent the harm; and (4) chooses not to act."); *Terrell v. Allgrunn*, 114 F.4th 428, 440 (5th Cir. 2024) (a failure to show a violation of "clearly established constitutional law" "ends the inquiry").

## IV. Conclusion

For the reasons stated above, the Court **GRANTS** the Defendants' motion to summary judgment. (Doc. 47).

**IT IS SO ORDERED** this 8th day of December, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE