UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CEDRIC CHEELEY, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 3:24-CV-0862-X |
| § | |
| JESSE RODRIGUEZ, et al., § | |
| § | |
| *Defendants*. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Cedric Cheeley's motion for reconsideration (Doc. 61) of the Court's Order granting Defendants Sgt. JonMatthew Martinez, Sgt. Jesse Rodriguez, Adnan Shah, and Randy Rhoden's motion for summary judgment. (Doc. 58).

Cheeley raises three arguments. First, he argues that the Court failed to construe the facts in his favor, namely that the Court should not have described his failure to move his feet into the police vehicle as a "refusal" as opposed to him being physically unable to comply. Second, Cheeley insists that it is clearly established that use of force on a subject who is no longer resisting is unconstitutional. Third, he argues that the Court misapplied the Supreme Court's qualified immunity framework because it focused on his failure to provide caselaw as opposed to finding this to be an obvious case of unconstitutional excessive force. The Court takes each in turn.

1

Cheeley's argument that the Court misconstrued the nature of his failure to comply with law enforcement's commands is futile. Whether Cheeley defiantly refused law enforcement or was physically unable to comply, he failed to meet his burden of showing that it was clearly established that the Defendants' conduct was unconstitutional.

To overcome qualified immunity at the summary judgment stage, Cheeley must "identify a case in which an officer acting under similar circumstances was held to have violated the Constitution."[1] "The burden here is heavy" as a "right is clearly established only if preexisting precedent has placed the constitutional question beyond debate."[2] Or it must be an "obvious case, where the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances."[3]

Cheeley has failed to identify a single case addressing materially similar conduct. So he fails to establish a clearly established right under the first method.[4]

The Court also cannot conclude that it is "beyond debate" that the Defendants' conduct here would be unconstitutional even if Cheeley was physically unable to comply.[5] Officers are not required under current case law to take all arrestees'

---

[1] *Cope v. Cogdill*, 3 F.4th 198, 205 (5th Cir. 2021) (cleaned up).

[2] *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1165 (5th Cir. 2021) (cleaned up).

[3] *District of Columbia v. Wesby*, 583 U.S. 48, 64 (2018) (cleaned up).

[4] *Cope*, 3 F.4th at 204 (5th Cir. 2021) (citing *Brosseau v. Haugen*, 543 U.S. 194, 201 (2004) (per curiam)).

[5] *Id.* at 205.

statements as true.[6]  Nor has the Supreme Court or Fifth Circuit directed courts to consider facts that would not have been available to the officers at the time.[7]

So it is not beyond debate that the Defendants violated Cheeley's constitutional rights—whether his refusal to comply stemmed from obstinance or inability. Accordingly, Cheeley has failed to meet his burden.

Cheeley's second argument is also unavailing.  To be sure, the Fifth Circuit has held that it is clearly established that the continued use of force on a restrained and subdued subject is objectively unreasonable.[8]  But that does not vitiate Cheeley's burden to "identify a case in which an officer acting under similar circumstances was held to have violated the Constitution."[9]  Cheeley instead cited to cases at "a high level of generality" that do not govern the "specific context of [this] case."[10]  And, as explained above, he failed to show that the violation is "beyond debate."[11]

And while Cheeley is correct that the Supreme Court found a case where a constitutional violation was obvious in *Taylor v. Riojas*,[12] as the Court explained in its previous opinion and reiterates here, this case does not fit in that category.

---

[6] *Malone v. City of Fort Worth, Tex.*, 2014 WL 5781001, at *23 (N.D. Tex. Nov. 6, 2014) (Means, J.).

[7] *See Griggs v. Brewer*, 841 F.3d 308, 312 (5th Cir. 2016) ("The use of force must be evaluated from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.") (cleaned up).  *See also Graham v. Connor*, 490 U.S. 386, 396 ("The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." (cleaned up)).

[8] *See Timpa v. Dillard*, 20 F.4th 1020, 1034 (5th Cir. 2021).

[9] *Cope*, 3 F.4th at 205 (cleaned up).

[10] *Id.* at 204 (cleaned up).

[11] *Id.* at 205 (cleaned up).

[12] 592 U.S. 7, 9–10 (2020).

Accordingly, the Court did not disregard controlling law when it awarded summary judgment to the Defendants.[13]

The Court **DENIES** Cheeley's motion for reconsideration. (Doc. 61).

**IT IS SO ORDERED** this 28th day of January, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[13] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (explaining that a showing of a manifest error of law under Federal Rule of Civil Procedure 59(e) is one that is "plain and indisputable, and that amounts to a complete disregard of the controlling law.").